| B104 (Form 104) (08/07), Page 1 | | |
|---|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | | **ADVERSARY PROCEEDING NO.** 12-3057 DM |
| **PLAINTIFF(S)** FREDERICK C. FIECHTER | | **DEFENDANT(S)** CARL ALEXANDER WESCOTT AND MONETTE ROSEMARIE STEPHENS |
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) ROBERT N. WEAVER, ESQ. (SBN 78528) LESS & WEAVER 1388 SUTTER STREET, SUITE 800 SAN FRANCISCO, CA 94109 TEL: (415) 398-9800 | | **ATTORNEY(S)** (If Known) NEIL ISON LAW OFFICE OF NEIL ISON 15091 BECKY LANE MONTE SERENO, CA 95030 TEL: (408) 828-2490  **FILED** ECF Non-Exempt APR 20 2012 UNITED STATES BANKRUPTCY COURT SAN FRANCISCO, CA |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee ☑ Creditor ☐ Trustee ☐ Other | | **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee ☐ Creditor ☐ Trustee ☐ Other |
| **CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.) COMPLAINT FOR DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. 523 (a)(2)(B) & (a)(4) | | |

**NATURE OF SUIT**

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

*Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.*

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11 – Recovery of money/property - § 542 turnover of property | ☐ 61 – Dischargeability - § 523(a)(5), domestic support |
| ☐ 12 – Recovery of money/property - § 547 preference | ☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury |
| ☐ 13 – Recovery of money/property - § 548 fraudulent transfer | ☐ 63 – Dischargeability - § 523(a)(8), student loan |
| ☐ 14 – Recovery of money/property – other | ☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65 – Dischargeability – other |
| ☐ 21 – Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71 – Injunctive relief – imposition of stay |
| ☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h) | ☐ 72 – Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) – Subordination of Claim or Interest** |
| ☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e) | ☐ 81- Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) – Declaratory Judgment** |
| ☐ 51 – Revocation of confirmation | ☐ 91 – Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) – Determination of Removed Action** |
| ☐ 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims | ☐ 01 – Determination of removed claim or cause |
| ☑ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☑ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq. |
| **(continued next column)** | ☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: $ 2,215,757.00 |

Other Relief Sought:

| B104 (Form 104) (08/07), Page 2 | | |
|---|---|---|
| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
| NAME OF DEBTOR<br>CARL ALEXANDER WESCOTT & MONETTE ROSEMARIE STEPHENS | BANKRUPTCY CASE NO.<br>12-30143 DM | |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>SAN FRANCISCO | NAME OF JUDGE<br>DENNIS MONTALI |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ROBERT N. WEAVER | |
| DATE<br>APRIL 18, 2012 | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.