Brian Williams #271646
1248 Belmont Ave.
San Carlos, CA 94070
(650) 862-7507
blwilliamslaw@gmail.com

Attorney for Debtors
Monette Stephens and Carl Wescott



FILED
MAY 22 2012
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

## United States Bankruptcy Court
## Northern District of California

| In re | Case No. 12-30143-DM |
|---|---|
| CARL ALEXANDER WESCOTT and MONETTE ROSEMARIE STEPHENS | Chapter 7 |
| Debtor(s) | Adversary Proceeding No. 12-3057 DM |
| Frederick C. Fiechter | **ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |
| Plaintiff, | |
| v. | (11 U.S.C. §§ 523(a)(2)(B) & 523(a)(4)) |
| CARL ALEXANDER WESCOTT and MONETTE ROSEMARIE STEPHENS, | |
| Defendants(s). | |

Carl Alexander Wescott ("Wescott") and Monette Rosemarie Stephens ("Stephens") (collectively "Defendants") file the following answer to Frederick C. Fiechter's ("Fiechter") complaint.

### JURISDICTION AND VENUE

1. Defendants admit that jurisdiction is proper.

2. Defendants admit that this is a core proceeding.

3. Defendants admit that Fiechter holds claims against the estate and debtor Wescott.

Defendants deny that Fiechter holds claims against debtor Stephens.

4. Defendants admit that Venue is proper.

1

## PARTIES

5. Defendants admit that they are husband and wife. Defendants deny that at all times Wescott was residing in San Francisco, California.

6. Defendants deny that at all times herein mentioned Wescott was a real estate broker licensed by the State of California and/or held himself out to Fiechter as a licensed real estate broker and as a licensed securities sales person with broker dealer licenses.

7. Defendants deny on information and belief that Fiechter is a creditor and is owed money pursuant to a judgment entered on August 5, 2011, in the State of Nevada. Defendants deny on information and belief that the judgment is based on a transaction whereby Fiechter transferred property to Carl Alexander Wescott (Wescott) in exchange for promises and an unsecured promissory note in the amount of $1,050,000.

8. Defendants deny that Fiechter is owed those amounts.

9. On information and belief Defendants deny that Fiechter is and at all tiems relevant was, a resident of San Francisco, California.

10. Defendants deny all statements in point 10.

11. Defendants deny all statements in point 11.

12. Defendants deny all statements in point 12.

13. Defendants deny all statements in point 13.

14. Defendants deny all statements in point 14.

15. Defendants deny all statements in point 15.

16. Defendants deny all statements in point 16.

17. Defendants deny all statements in point 17.

18. Defendants deny all statements in point 18.

2

19. Defendants deny all statements in point 19.

20. Defendants deny all statements in point 20.

21. Defendants deny all statements in point 21.

22. Defendants deny all statements in point 22.

23. Defendants deny all statements in point 23.

24. Defendants deny all statements in point 24.

25. Defendants deny all statements in point 25.

26. Defendants deny all statements in point 26.

27. Defendants deny all statements in point 27.

28. Defendants deny all statements in point 28.

29. Defendants deny all statements in point 29.

30. Defendants deny all statements in point 30.

31. Defendants deny all statements in point 31.

32. Defendants deny all statements in point 32.

33. Defendants deny all statements in point 33.

34. Defendants deny that each of the five financial statements were materially false, were false when made, in overstating the value of assets, not disclosing liabilities (actual and contingent) attributable to listed assets and otherwise materially inflated the purported net worth of Defendants at the time the financial statements were given to Fiechter.

35. Defendants deny that they knew that the financial statements were false and inflated when made, and further knew that Fiechter accepted the statements as true and made with honest intent, and further knew that Fiecheter relied on the statements in making loans and extending payment dates stated herein.

3

Case: 12-03057    Doc# 7    Filed: 05/22/12    Entered: 05/23/12 15:14:47    Page 3 of 7

36. Defendants deny on information and belief that Fiechter reasonably relied on the financial statements in making the February 25, 2008 loan, consolidating the February 2008 Note with the March 2007 Note balance in the Consolidated Note and in extending the payment date of the Consolidate Note indefinitely after July 15, 2008.

37. Defendants deny that the debt owed to Fiechter on account of the Consolidated Note is $564,516 principal and unpaid interest in the amount of $186,490 at the legal rate of 10%, or any other sum.

38. Defendants deny that they obtained the debt owed on account of the Consolidated Note, and extensions, renewal and refinancing as alleged in the Complaint by making materially false written statements concerning their financial condition, made with the intent to deceive. Defendants further deny on information and belief that Fiechter reasonably relied upon those statements in making the loans, extensions, renewals and refinancing as alleged in the Complaint, making Defendants' indebtedness on the Consolidated Note non-dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(2)(B).

### SECOND CLAIM FOR RELIEF
### 11 U.S.C. § 523 (a) (2)(B) and (a)(4)
### (For Fraud While Acting in a Fiduciary Capacity, Embezzlement, And Obtaining Money by Materially False Statements in Writing – The Florida Profit Split)

40. Defendants deny all statements in point 40.

41. Defendants deny that they willfully and maliciously ignored their agreement with Fiechter when payment was made by the Florida developer by spending $55,000 of the Florida Profit Split attributable and distributable to Fiechter without Fiecther's knowledge, consent or agreement.

42. Defendants deny all statements made in point 42.

4

43. Defendants deny that the excess profit share of $55,000 was obtained by means of a breach of fiduciary duty and embezzlement for the benefit of both Wescott and Stephens as their community property.

44. Defendants deny that they obtained an extension of the payment date of the Florida Profit Share by means of materially false financial statements as stated in Paragraphs 33, 34, and 35 above. Defendants deny on information and belief that Fiechter consented to receiving payment of the Consolidated Note relying on the truthfulness and Accuracy of the Financial statements.

45. Defendants deny that they took Fiechter's Florida Profit Share of $55,000 by means of fraud and intentional acts while Wescott was acting as a fiduciary and by further means of embezzlement of funds entrusted to Wescott for distribution to Fiechter. Defendants further deny that they obtained extensions, renewals and refinancing of the Florida Profit Share payable to Fiechter by making materially false written statements concerning their financial condition, made with the intent to deceive, on which Fiechter reasonably relied as alleged above, making Defendants indebtedness to Fiechter on the Florida Profit Share non-dischargeable in bankruptcy pursuant to 11 U.S.C. §§523(a)(2)(B) and 523(a)(4).

### THIRD CLAIM FOR RELIEF
**11 U.S.C. § 523(a) (2)(B) and (a)(4)**
**(For Fraud While Acting in a Fiduciary Capacity, Embezzlement, and Obtaining Money By Materially False Statements in Writing – Glen Court Note)**

47. Defendants deny all statements in point 47.

48. Defendants deny on information and belief that Fiechter transferred ownership of 162 Golen Court in direct reliance on the representation of Wescott that the transfer was in the best interest of Fiechter and was the best real estate strategy to maximize Fiechter's income from the property instead of Fiechter selling, listing, renting or simply holding the property for future sale.

5

Defendants further deny on information and belief that Fiechter relied on the written financial statements of Wescott.

49. Defendants deny that they obtained a loan for $600,000 in April 2009 secured by the 162 Glen Court. Defendants deny that Wescott eventually lost the property when he defaulted on the loan either by foreclosure or a transfer to the hard-money lender in lieu of foreclosure.

50. Defendants deny that Wescott embezzled the ownership from Fiechter and converted the value of 162 Glen Court for his own benefit and to the detriment of Fiechter and at no cost to Wescott.

51. Defendants deny that they took Fiechter's 162 Glen Court property by means of fraud while acting in a fiduciary capacity and by means of embezzlement and converted the use of the property for their own purposes and obtained financing proceeds of approximately $450,000 at no cost. Defendants further deny that they obtained the above by making materially false written stateents concerning their financial condition, made with the intent to deceive. Defendants deny on information and belief that Fiecther reasonably relied upon those statement, making Defendants indebtedness to Fiechter on the Glen Court Note non-dischargeable in bankruptcy pursuant to 11 U.S.C. §§523(a)(4) and 523(a)(2)(B).

## AFFIRMATIVE DEFENSES

1. Defendants claim a setoff to any damages, if any, for negligent misrepresentation, intentional misrepresentation, concealment, promise without intent to perform, breach of contract, usury, unfair competition pursuant to Business and Professions Code Sections 17000 et seq., and unlawful foreclosure.

6

Case: 12-03057    Doc# 7    Filed: 05/22/12    Entered: 05/23/12 15:14:47    Page 6 of 7

WHEREFORE, Defendants pray as follows:

1. That Plaintiff takes nothing by way of the Complaint,

2. For attorney fees according to proof,

3. For costs of suit, and

4. For further relief the Court deems just.

Dated: May 21, 2012

_____<br>
Brian Williams<br>
Attorney for Debtor/Defendants<br>
Carl Alexander Wescott and Monette Stephens